## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: ) | CASE No. | 05-52037 (JAM) |
|    ALLEN S. LEVY and ) | | |
|    ROSEANNE I. LEVY ) | CHAPTER | 7 |
| ) | | |
|    DEBTORS. ) | RE: ECF Nos. 37, 50 | |
| ) | | |

### MEMORANDUM OF DECISION AND ORDER
### GRANTING AMENDED MOTION TO REOPEN CASE

**I.  Background**

Prior to the filing of a joint petition for relief under Chapter 7, Allen S. Levy and Roseanne Levy (the "Debtors"), executed a promissory note in the amount of $150,000 (the "Note"), in favor of Kenneth Grossman ("Mr. Grossman").  To secure payment of the amounts due under the Note, Alfred Italiano and Rosalyn Italiano, the parents of the Debtor Roseanne Levy (the "Italianos"), executed a guaranty of the Note and granted Mr. Grossman a mortgage on their residence (the "Guaranty and Mortgage").

On October 16, 2005, the Debtors filed their Chapter 7 bankruptcy case.  The Debtors did not list Mr. Grossman as a creditor in their Schedules filed with the Court.  On October 28, 2005, the Clerk's Office generated a Notice of the Debtors' Chapter 7 case (the "Notice", ECF No. 5). The Notice indicated that the Debtors' case was a "no asset case" and creditors were directed not to file proofs of claim until given further notice.  The Notice also set a deadline of January 30, 2006, for the filing a complaint objecting to discharge or objecting to the dischargeability of a particular debt.

On March 13, 2006, the Court granted the Debtors a discharge of all dischargeable debts pursuant to 11 U.S.C. § 727[1], (the "Discharge Order", ECF No. 25).  On March 20, 2006, a week after the Discharge Order entered, the Debtors amended their Schedules to add Mr. Grossman as an unsecured creditor (the "Amended Schedules", ECF No. 27).  On the same day, the Debtors filed a certificate of service stating that Mr. Grossman was served with "a copy of the attached Notice of Commencement and Discharge," but the Notice of Commencement and Discharge was not attached to the certificate of service (the "Certificate of Service", ECF No. 29).  The Debtors' case was closed on May 4, 2006.

After the Discharge Order entered, the Debtors began making payments to Mr. Grossman for amounts due under the Note.  It is not clear if the Debtors voluntarily made the payments or were induced to do so because of the Guaranty and Mortgage executed by the Italianos.  In January 2017, the Italianos commenced a lawsuit against Mr. Grossman in New York state court seeking to discharge the Guaranty and Mortgage.  In May 2017, Mr. Grossman commenced a lawsuit against the Debtors in New York state court seeking to collect on the Note.  Sometime thereafter, Mr. Grossman voluntarily dismissed the lawsuit commenced against the Debtors.

On August 14, 2017, the Debtors filed an Amended Motion to Reopen the Case pursuant to § 350(b) (the "Amended Motion to Reopen", ECF No. 37), in order to file a motion for sanctions against Mr. Grossman for an alleged violation of the discharge injunction provided by § 524.  Mr. Grossman filed objections to the Amended Motion to Reopen on September 6, 2017 and October 4, 2017 (the "Objections to the Amended Motion to Reopen", ECF Nos. 41 and 52).  Also on September 6, 2017, Mr. Grossman served a notice of deposition and request for

---

[1] Unless otherwise specified, all future statutory references to Title 11 of the United States Code (the "Bankruptcy Code"), will appear as "§ _____".

2

production of documents on the Debtors (the "Notice of Deposition and Production of Documents"). On September 29, 2017, the Debtors filed a Motion for Protective Order seeking an order prohibiting any discovery from being conducted (the "Motion for Protective Order", ECF No. 50). Hearings on the Amended Motion to Reopen and the responsive pleadings were held before the Court and the matters were taken under advisement.

**II.    Analysis**

The decision to reopen a bankruptcy case is within the discretion of the Court. *See* 11 U.S.C. § 350(b); *In re Chalasani*, 92 F.3d 1300, 1308 (2d Cir. 1996); *In re Boland*, 275 B.R. 675, 677 (Bankr. D. Conn. 2002). Reopening a no-asset case is appropriate when a Chapter 7 debtor seeks to enforce a discharge injunction against an omitted, prepetition creditor who had actual or constructive knowledge of the debtor's bankruptcy filing and yet continues efforts to collect a discharged debt. *In re Hicks*, 184 B.R. 954, 956 (Bankr. C.D. Cal. 1995). However, the doctrine of laches can bar the reopening of a no-asset case if a debtor caused unreasonable delay in asserting his rights and such delay caused undue prejudice to an adverse party in asserting its right or defense. *See In re Caicedo*, 159 B.R. 104, 107 (Bankr. D. Conn. 1993); *In re Kean*, 207 B.R. 118, 123–24 (Bankr. D.S.C. 1996).

Here, the Debtors move to reopen their case to seek an order imposing sanctions against Mr. Grossman for an alleged violation of the Discharge Order. Mr. Grossman asserts three main objections in response to the Amended Motion to Reopen: (i) the Debtors acted in bad faith when they did not list Mr. Grossman as a creditor at the time their Chapter 7 case was filed; (ii) Mr. Grossman never received adequate notice of the Debtors' case; and (iii) the doctrine of laches bars the Amended Motion to Reopen. *See* Objections to the Amended Motion to Reopen (ECF Nos. 41 and 52). Mr. Grossman further notes that "in the event that the [Amended] Motion [to

3

Reopen] is granted . . . [he] reserves the right to commence an adversary proceeding for a declaration that the [Debtors'] obligation to him is nondischargeable pursuant to Section 523(a)(2)(A) and/or 523(a)(3) of the Bankruptcy Code." Grossman's Objection at pg. 9 (ECF No. 41).

Mr. Grossman's laches argument is persuasive in a general sense. The Debtors began to make payments to Mr. Grossman after they received a discharge and waited eleven years to reopen the case. However, in order to collect any debt owed to him, Mr. Grossman may have to reopen the Debtors' case, commence an action to declare the debt nondischargeable pursuant to § 523, and obtain a judgment against the Debtors. Because § 523(a)(3)(B) excepts from discharge a debt owed to an omitted creditor if such debt falls within §§ 523(a)(2), (4), or (6), and because an omitted creditor may file a complaint to determine dischargeability under § 523(a)(3)(B) at any time, *see In re Staffer*, 262 B.R. 80, 83 (B.A.P. 9th Cir. 2001); Fed. R. Bankr. P. 4007(b), reopening the Debtors' case does not substantially prejudice Mr. Grossman. For those reasons, the Debtors' Amended Motion to Reopen is granted.

With respect to the Debtors' Motion for Protective Order, the Debtors' case has been closed since May 4, 2006. There is no action pending for which discovery can be sought at this time. "'The reopening of a case is merely a ministerial or mechanical act which allows the court file to be retrieved . . . to enable the court to receive a new request for relief; the reopening, by itself, has no independent legal significance and determines nothing with respect to the merits of' any requested order." *In re Suplinskas*, 252 B.R. 293, 294–95 (Bankr. D. Conn. 2000) (quoting *In re Germaine*, 152 B.R. 619, 624 (B.A.P. 9th Cir. 1993)). Therefore, there is no need to rule on the Motion for Protective Order because the Mr. Grossman's subpoena has no force or effect.

Upon consideration of the arguments advanced at the hearings and in the pleadings, and in accordance with 11 U.S.C. § 350(b), cause exists to reopen the Debtors' case. Therefore, it is hereby

**ORDERED**: Pursuant to 11 U.S.C. § 350(b), the Amended Motion to Reopen is **GRANTED**.

Dated at Bridgeport, Connecticut this 29th day of March, 2018.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut